UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALI RAHIMI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 4:22CV847 HEA |
| | ) |
| TWO BROTHERS TRANS, INC., | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 13]. Defendant opposes the Motion. Also before the Court is Defendant's Motion for Leave to File Requests to Admit and Limited Discovery on the Issue of Damages, [Doc. No. 14]. For the reasons set forth below, the motion to remand will be denied. The motion for requests and limited discovery will be granted.

## BACKGROUND

Plaintiff filed this action in the Circuit Court of the City of St. Louis, Missouri seeking compensatory damages for current and future medical expenses, lost wages, property damage, and loss of the ability to work and enjoy life. Plaintiff's Petition alleged that his medical expenses at the time were in excess of $12,700. Defendant states that Plaintiff's current medical bills exceed $26,000.

Defendant removed the action based on the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332.  Defendant's Notice of Removal stated that the amount in controversy exceeded $75,000.

## DISCUSSION

**Motion to Remand**

A defendant may remove an action from state court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. For federal diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship, *i.e.*, "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Section 1332 also requires an amount in controversy in excess of $75,000.

The party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831(8th Cir. 2005). "The district court has subject matter jurisdiction in a diversity case when a fact[-]finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages suffered that plaintiff are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). A court determines whether the amount-in-controversy required by Section 1332 is satisfied based on the record at the time of removal. *St. Paul Mercury*

*Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938). *See also St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 593–94 (8th Cir. 2001). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* at 288.

After a case has been removed to federal court, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. *Id*. at 292-93. This rule has "consistently been applied to cases in which the petition at the time of the removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached." *Hollis v. Roadrunner Transp. Servs., Inc.*, No. 4:12-CV-394 CAS, 2012 WL 3854484, at *1 (E.D. Mo. Sep. 5, 2012) (quoting *Halsne v. Liberty Mut. Group*, 40 F.Supp. 2d 1087, 1090, (N.D. Iowa 1999)). *See also Thatcher v. Hanover Ins. Group. Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) ("Under the *St. Paul Mercury* rule, in a diversity action a plaintiff may not merely amend his complaint after removal to claim damages below the jurisdictional amount and deprive the federal court of jurisdiction.").

In contrast, "[w]here damages are not specified in a state court complaint, this [c]ourt and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending the original pleading." *Levinson v. Cincinnati Ins. Co.*, No. 4:13-CV-1595 CAS, 2013 WL 5291772 (E.D.

3

Mo. Sep. 19, 2013). In such cases, plaintiffs may establish the amount in controversy to a legal certainty by entering a binding stipulation that they will not seek or accept damages in excess of $75,000, exclusive of interest and costs. *Willson v. Empire Fire & Marine Ins. Co.*, No. 4:20-CV-1234 HEA, 2021 WL 3709651, at *2 (E.D. Mo. Aug. 20, 2021); Mitchell v. Gov't Emps. Ins. Co., No. 4:19-CV-868 RWS, 2019 WL 1755854, at *1 (E.D. Mo. Apr. 19, 2019). *2 In the Eighth Circuit, plaintiffs may also establish the amount in controversy to a legal certainty through a binding stipulation.

> "Where state law prohibits plaintiffs from specifying damages in their state court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached" as long as the stipulation clarifies, rather than amends the original pleading. *Toberman v. BPV Market Place Investors, LLC*, No. 4:16–CV–519 (CEJ) (E.D. Mo. Jun. 1, 2016) (*citing Ingram v. Proctor & Gamble Paper Products Co.*, No. 4:11–CV–549 (CAS), 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011)).

*Willson*, 2021 WL 3709651, at * 2.

Plaintiff has not submitted any affidavits that unequivocally aver he is not seeking an amount in excess of $75,000 and that he will not collect an amount in excess of $75,000. He "has not entered into a binding stipulation that the amount in controversy does not and will not exceed the Court's jurisdictional amount in controversy," nor that he will not collect any verdict in excess of $75,000. The Motion to Remand will be denied.

4

**Motion for Leave to File Requests to Admit and Limited Discovery on the Issue of Damages**

In this motion, Defendant seeks limited discovery to attempt to ascertain the amount in controversy in this case. Defendant also seeks an additional 15 days to respond to Plaintiff's Motion to Remand.  Defendant, however filed its response prior to the Court's ruling herein.  Furthermore, as discussed above, Plaintiff's Motion to Remand is to be denied.  As such, it appears Defendant's Motion is moot.

## Conclusion

Plaintiff's Petition does not state a specific amount in controversy, however, the damages claimed could satisfy the jurisdictional amount.  He has not entered into a binding agreement to limit any damages to less than the jurisdictional amount. The Motion to Remand, therefore, must be denied.

Defendant's Motion for jurisdictional discovery is now moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. No. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that Motion for Leave to File Requests to Admit and Limited Discovery on the Issue of Damages, [Doc. No. 14], is denied as moot.

Dated this 23rd day of November, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE